UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
DIVISION

| In re JACQUELINE C. HYLTON, | ) | |
|---|---|---|
| | ) | |
| Debtor, | ) | Bankruptcy Case No. 17-42383 |
| | ) | |
| ------------------------------------------------- | ) | |
| | ) | |
| CHRISTOPHER LEE PROSSER, | ) | Adv. Proc. No. 17-4089 |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:17-cv-2295-JAR |
| v. | ) | |
| | ) | |
| JACQUELINE C. HYLTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion to Withdraw the Reference, filed by *pro se* plaintiff Christopher Lee Prosser, a prisoner in a state penitentiary. (Docket No. 1). For the following reasons the motion will be denied.

First, because plaintiff failed to pay the required $181.00 fee for the filing of his Motion to Withdraw the Reference, the motion is properly stricken as improperly filed, without prejudice to plaintiff re-filing the motion upon payment of the filing fee.

Even if the motion had been properly filed, it would be denied as meritless. Plaintiff seeks withdrawal of the reference primarily based upon his jury trial demand. However, in an Order dated August 15, 2017, the United States Bankruptcy Court for the Eastern District of Missouri denied plaintiff's jury trial demand because the claim he asserted (determination of exception to discharge under 11 U.S.C. § 523) did not give him the right to a jury trial. *See*

*Prosser v. Hylton* (*In re Hylton*), Adv. Proc. No. 17-04089 (Bankr. E.D. Mo. Jun. 9, 2017). Plaintiff also seeks withdrawal of the reference because the Bankruptcy Court lacks sufficient authority to issue a writ of habeas corpus ad testificandum. However, the Bankruptcy Court has the authority to certify a recommendation to this Court for the issuance of such a writ. Therefore, if the Bankruptcy Court ever deems it necessary to produce plaintiff's body before it, it has a mechanism to do so.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw the Reference (Docket No. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this civil case in this Court, as the matter remains pending before the Bankruptcy Court.

Dated this 24th day of August, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE